# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Paul C. Clark<br>4705 Broad Brook Drive<br>Bethesda, MD  20814<br>  (Plaintiff)<br><br>    v.<br><br>DOCUSIGN, INC.<br>221 Main Street<br>San Francisco, CA 94105<br>  (Defendant) | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT

Plaintiff, Dr. Paul C. Clark, ("Dr. Clark"), by and through his attorneys, Cahn & Samuels, LLP, files this Complaint against Defendant DocuSign Corporation. ("DocuSign"), and alleges as follows:

## NATURE OF THE ACTION

1. This is for willful patent infringement arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq.

## THE PARTIES

2. Plaintiff, Dr. Paul C. Clark is an individual having a residence address of 4705 Broad Brook Drive, Bethesda, Maryland 20814.

3. Dr. Clark is a recognized expert in email security and was hired by DocuSign as an expert witness in connection with patent infringement litigation styled *Rpost Holdings, Inc. et al. v. DocuSign, Inc.*, Civil Action No. 2:12-cv-683-JRG (the "RPost Litigation").

4. Defendant DocuSign is a Delaware corporation having a primary place of business at 221 Main Street, San Francisco, CA 94105. DocuSign provides customers, including customers in the District of Columbia, with electronic signature products and services. A description of DocuSign's electronic signature product taken from DocuSign's website is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1338.

7. This Court may exercise personal jurisdiction over Defendant based on its contacts within this forum, including regularly conducting business in this judicial district, by, *inter alia,* selling/offering for sale infringing systems and services in this judicial district. Defendant maintains a regular and established place of business in this judicial district. This patent infringement claim arises directly from Defendant's continuous and systematic activity in this judicial district. Thus, this Court's exercise of jurisdiction over Defendant would be consistent with traditional notions of fair play and substantial justice.

8. Defendant is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the District of Columbia, pursuant to due process and/or the District of Columbia Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the District of Columbia, because it regularly conducts and solicits business within the District of Columbia and because Dr. Clark's causes of action arise directly from Defendant's business contacts and other activities in the District of Columbia.

9. On information and belief, Defendant maintains one or more business locations within the District of Columbia and solicits employees to work in the District of Columbia.



*See* https://www.linkedin.com/jobs/docusign-jobs-washington-dc?currentJobId=2392355734&position=4&pageNum=0

10. Venue is proper in this District pursuant to 28 U.S.C. §1400(b).

## Count I – Infringement of U.S. Patent No. 8,695,066

11. United States Patent No. 8,695,066 (the "'066 Patent") is titled System and Method for Secure Communication Between Domains." The '066 Patent issued on April 8, 2014, and true and correct copy of the '066 Patent is attached as Exhibit B.

12. Dr. Clark is the sole inventor of the subject matter of the '066 Patent and the owner of the entire right, title and interest in and to the '066 Patent and possesses all rights of recovery under the '066 Patent including the right to recover damages for past infringement.

13. Upon information and belief, DocuSign has been and is now making, using, selling, and/or offering for sale within the United States systems or methods for electronic signature and e-contracting that infringe claim 1 of the '066 Patent, literally and/or under the doctrine of equivalents.

14. Claim 1 recites "a method for secure communication between first and second domains comprising: in a first logical unit: periodically calculating timestamps and hashes[.]" (Ex. B, 14:5-8.) Upon information and belief, DocuSign's electronic signature product and service performs transactions over the Internet and offers digital signatures with PKI.

15. Claim 1 further recites "transmitting a web form to a node of a first domain responsive to a request where the web form is displayed to a user…" (Ex. B, 14:9-11)

Upon information and belief, DocuSign's electronic signature product and service provides for transmitting a mobile or web-based form to and from a server.

16. Claim 1 still further recites "receiving data input to said web form by the user…" (Ex. B, 14:12)  DocuSign's electronic signature product receives data input by user, e.g., signatures and other data.

17. Claim 1 still further recites "enhancing the data by adding one or more security services…" (Ex. B, 14:13-14)  Upon information and belief, DocuSign's electronic signature product uses encryption to encrypt documents.

18. Claim 1 still further recites "translating the received data from a first network application level protocol to a target network application level protocol while preserving said data security enhancements…" (Ex. B 14:15-18)  Upon information and belief, DocuSign's electronic signature product submits  documents to be signed using a web protocol interface and delivers such documents using an email protocol interface.

19. Claim 1 still further recites "transmitting the translated data across a public network…" (Ex. B. 14:19)  Upon information and belief, the DocuSign's electronic signature product provides for data, e.g., signatures and text data transmission over public networks.

20. Claim 1 still further recites "in a second logical unit: de-enhancing the translated data" and "filtering the translated data to block unauthorized transmissions…" (Ex. B. 20-23)  Upon information and belief, DocuSign's electronic signature product offering verifies digital signatures and decrypts the data and performs user authorization.

21. Claim 1 still further recites "authorizing the filtered data and transmitting the filtered data to a node of the second domain for use in an application; whereby the one

or more security services are added without apparent modification of the application." (Ex. B. 24-29)   Upon information and belief, DocuSign's electronic signature product offering performs user authentication.

22.     DocuSign learned of the Dr. Clark's patents in October of 2019 through an email sent by Dr. Clark to DocuSign's then patent counsel where Dr. Clark informed DocSign of the need to license his patents.

23.     Despite being informed by Dr. Clark of its need to take a license, DocuSign continues to use systems or methods for electronic signature and e-contracting that infringe the '066 Patent.

24.     DocuSign, knew or should have known that its systems or methods for electronic signature and e-contracting infringe the '066 Patent.

### Count II – Infringement of U.S. Patent No. 9,391,957

25.     United States Patent No. 9,391,957 (the "'957 Patent") is titled System and Method for Secure Communication Between Domains."  The '957 Patent issued on July 12, 2016.  A true and correct copy of the '957 Patent is attached as Exhibit C.

26.     Dr. Clark is the sole inventor of the subject matter of the '957 Patent and the owner of the entire right, title and interest in and to the '957 Patent and possesses all rights of recovery under the '057 Patent including the right to recover damages for past infringement.

27.     Upon information and belief, DocuSign has been and is now making, using, selling, and/or offering for sale within the United States systems or methods for electronic signature and e-contracting that infringe at least claim 2 of the '957 Patent, literally and/or under the doctrine of equivalents.

28.     Claim 2 recites a "a method for secure communication between first and second domains comprising: in a first logical unit: periodically calculating timestamps and hashes[.]"  (Ex. C, 14:10-13.)   Upon information and belief, DocuSign's electronic signature product and service performs transactions over the Internet and offers digital signatures with PKI.

29.     Claim 2 further recites "transmitting a web form to a node of a first domain responsive to a request where the web form is displayed to a user…" (Ex. C, 14:14-16) Upon information and belief, DocuSign's electronic signature product and service provides for transmitting a mobile or web based form to and from a server.

30.     Claim 2 still further recites "receiving data input to said web form by the user…"  (Ex. C, 14:17)  DocuSign's electronic signature product receives data input by user, e.g., signatures and other data.

31.     Claim 2 still further recites "enhancing the data by adding one or more security services…" (Ex. C, 14:18-19) Upon information and belief, DocuSign's electronic signature product uses encryption to encrypt documents.

32.     Claim 2 still further recites "translating the received data from a first network application level protocol to a target network application level protocol while preserving said data security enhancements…" (Ex. C 14:20-23)  Upon information and belief, Upon information and belief, DocuSign's electronic signature product submits  documents to be signed using a web protocol interface and delivers such documents using an email protocol interface.

33.     Claim 2 still further recites "transmitting the translated data across a public network, the first logical unit residing on a first physical platform…" (Ex. B. 14:24-25)

Upon information and belief, the DocuSign's electronic signature product provides for data, e.g., signatures and text data transmission over public networks and includes a server running on a computer

34. Claim 2 still further recites "in a second logical unit: de-enhancing the translated data" and "filtering the translated data to block unauthorized transmissions…" (Ex. B. 26-29)  Upon information and belief, DocuSign's electronic signature product offering verifies digital signatures and decrypts the data and performs user authorization.

35. Claim 2 still further recites "authorizing the filtered data and transmitting the filtered data to a node of the second domain for use in an application, the second logical unit residing on a second logical platform; whereby the one or more security services are added without apparent modification of the application." (Ex. B. 30-35)  Upon information and belief, DocuSign's electronic signature product offering performs user authentication on more than one computer.

36. Despite being informed by Dr. Clark of its need to take a license, DocuSign continues to use systems or methods for electronic signature and e-contracting that infringe the '957 Patent.

37. DocuSign, knew or should have known that its systems or methods for electronic signature and e-contracting infringe the '957 Patent.

**COUNT III – Infringement of U.S. Patent No. 10,129,214**

38. United States Patent No. 10,129,214 (the "'214 Patent") is titled System and Method for Secure Communication Between Domains."  The '214 Patent issued on November 13, 2018, and true and correct copy of the '214 Patent is attached as Exhibit D.

39. Dr. Clark is the sole inventor of the subject matter of the '214 Patent and the owner of the entire right, title and interest in and to the '214 Patent and possesses all rights of recovery under the '214 Patent including the right to recover damages for past infringement.

40. Upon information and belief, DocuSign has been and is now making, using, selling, and/or offering for sale within the United States systems for electronic signature and e-contracting that infringe claim 1 of the '214 Patent, literally and/or under the doctrine of equivalents.

41. Claim 1 recites a "a system for secure communication between first and second domains comprising: A system for secure communication between first and second domains comprising: a first logical unit including circuitry configured to periodically calculate timestamps and hashes, transmit a web form to a node of a first domain responsive to a request where the web form is displayed to a user, receive data input to said web form by the user, enhance the data by adding one or more security services, translate the received data from a first network application level protocol to a target network application level protocol while preserving said data security enhancements, and transmit the translated data across a public network (Ex. C, 14:21-34.) Upon information and belief, DocuSign's electronic signature product performs transactions over the Internet and includes a computer configured to produce digital signatures with PKI, to transmit a mobile or web-based form to and from a server, to receive data input by the user, e.g., signatures and other data, to encrypt documents, to receive documents submitted using a web protocol interface and deliver the documents using an email protocol interface.

42. Claim 1 further recites "a second logical unit including circuitry configured to de-enhance the translated data, filter the translated data to block unauthorized transmissions, authorize the filtered data, and transmit the filtered data to a node of the second domain for use in an application; whereby the one or more security services are added without apparent modification of the application." (Ex. C, 14:35-41)  Upon information and belief, DocuSign's electronic signature product includes a computer configured to verify digital signatures, decrypt data and performs user authorization and transmit that data to an application.

43. Despite being informed by Dr. Clark of its need to take a license, DocuSign continues to use systems or methods for electronic signature and e-contracting that infringe the '066 Patent.

44. DocuSign, knew or should have known that its systems or methods for electronic signature and e-contracting infringe the '214 Patent.

**Prayer for Relief**

WHEREFORE, Dr. Clark prays for judgment against DocuSign, granting Dr. Clark the following relief:

A. That DocuSign has directly infringed the claim of the '066 Patent;

B. That DocuSign has directly infringed one or more claims of the '957 Patent;

C. That DocuSign has directly infringed the claim of the '214 Patent;

D. That this Court enter an award to Dr. Clark of such damages as he shall prove at trial against DocuSign that are adequate to compensate Dr. Clark for said infringement as permitted under the Patent Act;

E. That this Court order award to Dr. Clark of up to three times the amount of compensatory damages because of DocuSign's willful infringement of the '066, '957 and '214 patents and any enhanced damages as provided by 35 U.S.C. §284;

F. That this Court render a finding that this case is "exceptional" and award Dr. Clark his costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285.

G. That this Court award Dr. Clark pre-judgment and post judgment interest at that maximum rate allowed by law; and

H. That this Court grant Dr. Clark such other, further and different relief as may be just and proper.

- 12 -

**Demand for Jury Trial**

Dr. Clark respectfully demands a trial by jury on all matters and issues triable by right by a jury pursuant to Fed. R. Civ. P. 38.

                                                   Respectfully submitted by

                                                   CAHN & SAMUELS, LLP
                                                   Attorneys for Plaintiff

Dated: May 11, 2021                            /s/ Frederick Samuels
                                                   Frederick N. Samuels, Esq.
                                                   DC Bar No. 436202
                                                   George A. Metzenthin, Esq.
                                                   DC Bar No.  458416
                                                   1100 17th St., N.W., Ste. 401
                                                   Washington, D.C. 20036
                                                   (202) 331-8777 Phone
                                                   (202) 331-3838 FAX

## VERIFICATION OF FIRST AMENDED COMPLAINT

I, Paul C. Clark, declare that:

1. I am a named plaintiff in this civil action.

2. I have read the foregoing First Amended Complaint and am familiar with the allegations and statements contained therein.

3. To the best of my knowledge, information and belief, founded after reasonable inquiry, the allegations in the First Amended Complaint are well grounded in fact, are warranted by existing law or good faith argument for extension, modification, or establishment of new law.

4. The foregoing First Amended Complaint is not being filed for any improper purpose

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

05/11/2021
Date

_____
Paul C. Clark