UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL C. CLARK,

    *Plaintiff*,

v.

DOCUSIGN, INC.,

    *Defendant*.

No. 21-cv-1007 (DLF)

## MEMORANDUM OPINION

Before the Court is the defendant's Renewed Motion to Dismiss for Improper Venue, Dkt. 27. Because venue is not proper in this District, the Court will grant the defendant's motion in part and transfer this case to the Northern District of California.

**I.  BACKGROUND**

On April 12, 2021, Paul Clark brought this action against DocuSign, Inc. alleging willful infringement by DocuSign of three of his patents related to electronic signatures. Compl., Dkt. 1; Am. Compl. ¶¶ 1, 11–44, Dkt. 5. DocuSign is incorporated in Delaware and headquartered in San Francisco, California. Am. Compl. ¶ 4. It maintains offices in California, Illinois, New York, and Washington state, Lewis Decl. ¶ 3, Dkt. 6-2, but it does not have an office in the District of Columbia, *id.*; Lewis Decl. ¶ 4, Dkt. 13-1.

DocuSign filed an initial motion to dismiss for improper venue, Dkt. 6, and the Court granted Clark's motion for venue discovery, Dkt. 8. Order, Dkt. 20. The Court permitted discovery as to the number of DocuSign's employees who work remotely, the type of business conducted by DocuSign's D.C.-based employees, and DocuSign's recruitment of employees to

work in D.C. Order at 3–4. Now before the Court is DocuSign's Renewed Motion to Dismiss for Improper Venue, Dkt. 27.

## II.  LEGAL STANDARDS

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* Fed. R. Civ. P. 12(b)(3). "In considering a Rule 12(b)(3) motion, the Court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Tower Lab'ys, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 323 (D.D.C. 2018) (citation and internal quotation marks omitted). The Court need not "accept the plaintiff's legal conclusions as true," and it "may consider material outside of the pleadings." *Id.*

In patent infringement cases, 28 U.S.C. § 1400(b) governs venue, *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017), and Federal Circuit precedent is controlling, *see In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). The plaintiff bears the burden of establishing that venue is proper, *id.* at 1013, and § 1400(b) "is intended to be restrictive of venue in patent cases compared with the broad general venue provision," *id.* at 1014. Patent venue must be proper at the time that the complaint was filed—here, in April 2021. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013).

## III. ANALYSIS

### A. Improper Venue

Under 28 U.S.C. § 1400(b), a plaintiff may bring civil patent infringement actions "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A defendant "resides" only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1521. DocuSign does not reside in the District of Columbia because it is not incorporated in this district. Am. Compl. ¶ 4. Thus, for venue to be proper in this district, DocuSign must "ha[ve] a regular and established place of business" here. 28 U.S.C. § 1400(b); *see TC Heartland*, 137 S. Ct. at 1521.

To establish venue under this prong, a plaintiff must show that: "(1) there [is] a physical place in the district; (2) it [is] a regular and established place of business; and (3) it [is] the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Venue is improper in the District of Columbia because Clark has not established that Docusign has a physical place of business in the District, that any physical place is a regular and established place of business, or that any such place is the place of DocuSign.

#### 1. *Physical place of business*

First, a plaintiff must establish that there is a physical place of business in the district, namely "a physical, geographical location in the district from which the business of the defendant is carried out." *Cray*, 871 F.3d at 1362. The place "need not be a fixed physical presence in the sense of a formal office or store," but neither a "virtual space" nor "electronic communications from one person to another" suffice. *Id.* (citation and internal quotation marks omitted). DocuSign does not maintain offices, co-working space, or any physical systems in the District. Lewis Decl. ¶¶ 4–5, Dkt. 13-1. And the home offices of DocuSign's nine to twenty employees who lived in the District in 2021, *see* Pl.'s Opp. at 5, Dkt. 32, do not satisfy the "physical place" requirement.

Although home offices may in certain circumstances constitute a physical place of business, such as when a defendant's business model is built on employees who all work from home, *see, e.g.*, *RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 549 (S.D.N.Y. 2018), this is not such a case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further, the DocuSign employees residing in the District did not store any materials to sell and distribute on behalf of DocuSign, nor did they perform any "live demonstrations, evaluations, trainings, and/or presentations" from their homes. Lewis Decl. ¶ 6. Given that DocuSign's business ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is, standing alone, insufficient to convert the employees' homes into physical places of business. *See Rosco, Inc. v. Safety Vision LLC*, No. 19-cv-8933, 2020 WL 5603794, at *3 (S.D.N.Y. Sept. 18, 2020) (distinguishing *RegenLab* and finding employee home did not constitute physical place of business because the only employees in the district were "remote sales associates or installation technicians"); *C.R. Bard, Inc. v. Smiths Med. ASD, Inc.*, No. 12-cv-36, 20202 WL 6710425, at *8, *12 (D. Utah Nov. 16, 2020) (finding no physical place of business because the defendant's "business model does not contemplate all employees working from home, and for those who do, . . . does not treat their home offices as places of business"). Clark therefore has not established that DocuSign has a physical place of business in the District.

### 2.  *Regular and established place of business*

Even if the homes of DocuSign's employees could constitute a physical place in the District of Columbia, they would not be regular and established places of business. A regular and established place of business "must for a meaningful time period be stable, established." *Cray*, 871 F.3d at 1363. "In other words, sporadic activity cannot create venue." *Id.* at 1362. Further,

4

"if an employee can move his or her home out of the district at his or her own instigation, without the approval of the defendant, that would cut against the employee's home being considered a place of business of the defendant." *Id.* at 1363.

Under this test, Clark has not established that the employees conduct regular and established business from their homes in the District. That DocuSign is registered to do business in the District and "provid[es] computer system design services in the District," *see* Pl.'s Opp. at 7–8, is irrelevant. It is the *place* of business that must be regular and established in the District, not merely some unrelated business presence in the District. *See IngenioShare, LLC v. Epic Games, Inc.*, No. 21-cv-663, 2022 WL 827808, at *3 (W.D. Tex. Mar. 18, 2022) ("Focus on *the place* is directly tied to the [patent venue] statute and cannot be sidestepped."); *cf. RegenLab*, 335 F. Supp. 3d at 550 (finding New York regular and established place of business because the defendant's "employees have not merely worked out of New York offices by happenstance"). To satisfy this test, Clark needs to establish that the DocuSign business *conducted from the employees' homes* is stable and established in the District, or, in other words, that this business cannot freely be moved in and out of the District. *See Cray*, 871 F.3d at 1365 (finding venue improper where there was "no evidence that the employees' location in the Eastern District of Texas was material to [the defendant]," or that employees in the district served customers there). Clark has not done so.  *IngenioShare*, 2022 WL 827808, at *4 (the defendant's restrictions on locations for remote employees did not create a

regular and established place of business in employees' homes because "those restrictions are not district specific"). ███████████████████████████████████

███████████████████████████████████

███████████████████████████████████ DocuSign also does not incentivize or condition employment on residence in the District. ████████

███████████████████████████████████

███████████████████████████████████

███ Clark therefore has not established that the homes of DocuSign's employees in the District are regular and established places of business, as he has not shown that the work done by these employees in their homes is "fixed permanently" to the District. *Cray*, 871 F.3d at 1363 (cleaned up).

### 3. *Place of the defendant*

Finally, even if the Court were to consider the employees' homes regular and established physical places of business, they would not be places of DocuSign. Proper venues lies where there is "a place *of the defendant*, not solely a place of the defendant's employees"; "the defendant must establish or ratify the place of business" as its own. *Cray*, 871 F.3d at 1363. Put another way, "[t]he statute clearly requires that venue be laid where the defendant has a regular and established place of business, not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant." *Id.* at 1365 (cleaned up). Relevant factors include: "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place"; "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they

can be distributed or sold from that place"; and "the extent [marketing or advertisements] indicate that the defendant itself holds out a place for its business." *Id.* at 1363.

For many of the reasons already discussed above, these factors all weigh in favor of finding that the employees' homes in the District do not constitute a place of DocuSign. *See Cray*, 871 F.3d at 1365–66; *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. 21-cv-172, 2022 WL 432558, at *5 (W.D. Tex. Feb. 11, 2022) (no place of business in employees' Austin homes despite advertising about availability of remote positions in Austin because none of the "listings claim the alleged place of business (the employees' homes) is ZipRecruiter's own place of business or that these remote-employee[s] . . . must live in the Austin area"); *Bausch Health Ir. Ltd. v. Mylan Lab'ys Ltd.*, No. 21-10403, 2022 WL 683084, at *7 (D.N.J. Mar. 8, 2022) (finding no place of business of defendant in employees' homes based on similar factors); *BillingNetwork Pat., Inc. v. Modernizing Med., Inc.*, No. 17 C 5636, 2017 WL 5146008, at *3 (N.D. Ill. Nov. 6, 2017) (same). Clark has not shown that DocuSign owns, leases, or otherwise controls the homes of its remote-designated employees in the District. *See* Pl.'s Opp. at 10–12. As explained above, DocuSign neither conditions employment on residence in the District nor adds District-specific conditions on moving out of the District. Indeed, employees have moved out of the District in the past. DocuSign employees in the District do not store materials in the District for distribution or sale. Further, aside from job postings that list the D.C. area as a preferred location, Clark has not identified any DocuSign advertising that shows that it has an office or place of business in the District. *See id.* To the extent that the D.C. area preferred listings constitute relevant advertising, those positions were not filled by employees located in the District.

Viewed as a whole, the record does not establish that the homes of DocuSign's employees in the District could be considered places of business of DocuSign. Clark has not established any of the requirements for patent venue. Thus, venue in this District is improper.[1]

**B.    Dismissal or Transfer**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). The "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it— thus preserving a [plaintiff's] ability to obtain review." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). However, dismissal may be appropriate in circumstances where the complaint contains "obvious substantive defects." *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 409–10 (D.D.C. 2017); *see also Smith v. FBI*, No. 19-cv-2765, 2020 WL 5411142, at *2 (D.D.C. Sept. 9, 2020).

Because DocuSign has not identified any serious substantive problems that would merit dismissal, *see* Def.'s Reply at 12, Dkt. 35, the Court will transfer the case. "Courts may transfer a case to any jurisdiction [that] would have personal jurisdiction over the defendants and in which venue is proper." *Fam*, 236 F. Supp. 3d at 410. Here, the Court may transfer the case either to the District of Delaware, where DocuSign is incorporated, or to the Northern District of California,

---

[1] Because the Court finds that DocuSign does not have a regular and established place of business in the District, it need not consider whether DocuSign has committed acts of infringement in the District.

where DocuSign is headquartered. In both districts, personal jurisdiction exists and patent venue is proper. *See* Def.'s Reply at 12–13; Pl.'s Opp. at 14; *TC Heartland*, 137 S. Ct. at 1521.

In assessing venue, the Court is guided by the factors enumerated in 28 U.S.C. § 1404(a). *Melnattur v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-3013, 2021 WL 3722732, at *3 n.4 (D.D.C. Aug. 23, 2021) (suggesting that "the framework for assessing a transfer under § 1406(a) is essentially identical to that under § 1404(a)"). These include "the plaintiff's choice of forum," "the defendant's choice of forum," "where the claim arose," "the convenience of the parties . . . and the witnesses," and "the ease of access to sources of proof." *Id.* at *4. On balance, these factors favor transferring this case to the Northern District of California. DocuSign is headquartered in the Northern District of California, so most of the witnesses and sources of proof are likely located there. Def.'s Reply at 13–14. Further, DocuSign does not have an office close to Delaware. *Id.* Although Clark argues that he would be inconvenienced by the need to travel to California, *see* Pl.'s Opp. at 14, he frequently travels to the Northern District of California to testify as an expert witness, *see* Def.'s Reply at 14 & n.2 (listing cases in which Clark has testified there). Clark and DocuSign are also already involved in related, pending litigation with each other in the Northern District of California. Def.'s Notice of Supp. Authority at 1–2, Dkt. 36. Accordingly, weighing the relevant factors, the Court will transfer this action to the Northern District of California.

## CONCLUSION

For the foregoing reasons, the Court will grant the defendant's motion to transfer. Venue is improper in this District, and the Court will transfer this action to the Northern District of California. A separate order consistent with this decision accompanies this memorandum opinion.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

November 4, 2022